MASSACHUSETTS BAY INSURANCE COMPANY, Plaintiff-Appellant, v. UNIQUE PRESORT SERVICES, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—96—0701

Opinion filed April 30, 1997.

Robert Marc Chemers and Scott L. Howie, both of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

Daniel J. Sugrue, of Albert J. Salvi & Associates, of Waukegan, for appellees Wanda Lepillez and Brigitte Pescia.

Burton I. Weinstein, of Baskin, Server, Berke, Weinstein & Spiro, of Chicago, for appellee Unique Presort Services, Inc.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Massachusetts Bay Insurance Company (MBI), appeals the trial court's ruling in a declaratory judgment action that MBI has a duty both to defend and to indemnify its insured, Unique Presort Services, Inc. (Unique Presort), in a tort action. MBI contends that the trial court erred in finding that the allegations of the underlying complaint trigger a duty for MBI; erred in relying on unpublished Rule 23 orders in making its ruling; erred in ruling against MBI in its motion for judgment on the pleadings by failing to follow established Illinois precedent; and erred in finding both a duty to defend and a duty to indemnify. We reverse.

This action arises out of an underlying tort action in which the insured, Unique Presort, was sued by members of two families who were involved in a motor vehicle collision with a truck owned by Unique Presort and operated by a driver employed by Unique Presort. The families' complaint alleges that the truck driver was under the influence of cannabis at the time of the collision. The complaint alleged in count XXVII that Unique Presort was liable to the families because it failed to conduct federally mandated drug tests of the truck driver. See 49 C.F.R. § 391.83(a) (1993). The question on appeal is whether count XXVII triggers MBI's duty to defend under its policy with Unique Presort.

The insurance policy, a commercial general liability policy, carried an express automobile accident exclusion provision. When Unique Presort was served with notice of the underlying action, it tendered requests for defense to both its vehicle insurer and to MBI. MBI filed the instant action seeking a declaratory judgment pursuant to section 2—701 of the Code of Civil Procedure (735 ILCS 5/2—701 (West 1992)) that it owed no duty to defend or indemnify Unique Presort in the underlying action because it arose out of an automobile collision. Unique Presort argued in response that the count alleging liability under the federal drug-testing statute was not automatically excluded by the auto accident provision and thus, at a minimum, triggered MBI's duty to defend.

MBI filed a motion for judgment on the pleadings. At the hearing on the motion, MBI presented pertinent appellate authority supporting its position, and Unique Presort endeavored to distinguish that authority.

The court stated that it had knowledge of certain Rule 23 orders that disclosed this court's position on the legal issue raised in the motion and entered an order denying the motion for judgment on the pleadings.

At the hearing on a motion to reconsider, MBI argued the impropriety of the court relying on Rule 23 orders in denying the motion for judgment on the pleadings.

Counsel for MBI then asked the court to cite for the record the particular decisions upon which it relied. The court responded: "I can't give you the cases right off the top of my head, but I think that is the state of the law."

On appeal, MBI contends that the trial court erred in finding that the insurance contract at issue made MBI liable for coverage with regard to the underlying complaint; erred in failing to follow established Illinois precedent in denying MBI's motion for judgment on the pleadings; erred in relying on unpublished orders in rendering

its judgment; erred in finding MBI liable to defend and indemnify Unique Presort; and erred in finding MBI liable to indemnify Unique Presort because the issue of the duty to indemnify was "premature" until liability was adjudicated in the underlying action.

■ A motion for judgment on the pleadings is brought pursuant to section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1992)). On a motion for judgment on the pleadings, if the pleadings put in issue one or more material facts, evidence must be taken to resolve such issues, and judgment may not be entered on the pleadings. *In re Estate of Davis*, 225 Ill. App. 3d 998, 1000 (1992). On review, the court must determine whether any genuine issue of material fact exists and, if not, whether the moving party was indeed entitled to judgment as a matter of law. *State Farm Fire & Casualty Co. v. Kleckner*, 194 Ill. App. 3d 371, 375 (1990). Our review of motions brought pursuant to section 2—615 of the Code of Civil Procedure is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993).

■ As both parties correctly note, an insurer's duty to defend arises if the complaint alleges facts that fall within, or potentially within, the policy's coverage. *Oakley Transport, Inc. v. Zurich Insurance Co.*, 271 Ill. App. 3d 716, 719 (1995). It is well settled that the allegations of the complaint are dispositive of the insurer's duty to defend and not the findings of the underlying litigation. *Oakley*, 271 Ill. App. 3d at 719. However, the suggestion made by Unique Presort that the trial court may consider only the facial allegations and may not consider the intent of the statute under which the count is brought is an overstatement. See *Oakley*, 271 Ill. App. 3d at 719 n.2; *Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301 (1983). An insurance policy is not intended to be interpreted in a factual vacuum and without regard to the purpose for which the insurance policy was written. *Oakley*, 271 Ill. App. 3d at 726. Rather, the court must determine whether any *genuine* issue of material fact is in question. *State Farm*, 194 Ill. App. 3d at 375. If a review of the allegations in the complaint and the provisions of the insurance policy disclose that all of the claims are beyond coverage, an insurer is justified in refusing to defend. *Oakley*, 271 Ill. App. 3d at 721.

In this case MBI relies heavily on *Oakley*, a first district case, and we agree that it is directly on point with regard to several of the pertinent issues. In *Oakley*, an action was brought against the insured by a third party on a theory of negligent supervision of its employee, who caused a motor vehicle accident while in the course of his employment. The insured tendered a request for defense to Zurich Insurance Company, the issuer of its commercial general liability

policy, and also to its truck transport insurer. Zurich rejected coverage, citing the automobile exclusion in the parties' commercial general liability policy agreement. The insured and the truck transport insurance carrier sought a declaratory judgment that Zurich had a duty to defend based on the fact that at least one of the allegations of the complaint, that alleging negligent supervision, was arguably unrelated to the automobile exclusion. *Oakley*, 271 Ill. App. 3d at 718-19. The court found that the allegedly negligent supervision of the employee was derivative of, and dependent upon, the underlying negligent use of the vehicle. In legal terms, the court said, the negligent use of the vehicle by the employee was the very nexus between the supervisor and the supervisee. *Oakley*, 271 Ill. App. 3d at 726-27.

■ In this case, the fact that the injuries occurred in an automobile accident is the nexus between the plaintiffs' (in the underlying action) cause of action for personal injuries and the federal drug-testing regulations. In the instant case, Unique Presort argues that the allegations in count XXVII, which allege negligence for the failure to comply with the federal drug-testing regulations, do not relate to the "ownership, maintenance, use or entrustment to others" of any "auto." MBI responds with a lengthy exposition about the legislative intent of the federal regulations governing transportation. 49 C.F.R. § 391.83(a) (1993). MBI argues that the regulations are intended to remedy the evil of intoxicated drivers of transport vehicles upon the public roadways. Thus, the underlying plaintiffs cannot bring a cause of action under a transportation regulation and simultaneously argue that the regulation merely relates to an employer's duty to conduct drug testing and is not subject to the automobile exclusion in the MBI policy. We agree with MBI's analysis.

In this case, the underlying plaintiffs' count XXVII is specifically dependent upon the fact that their injuries occurred in a vehicle accident. This drug-testing regulation would not apply to the underlying plaintiffs' negligence action if their injuries had been caused by some instrumentality other than a vehicle. Thus, the negligence alleged in count XXVII is inextricably intertwined with the policy's excluded instrumentality, namely, the vehicle. See *Oakley*, 271 Ill. App. 3d at 726-27.

We note that this court has found that restating the facts of an occurrence in terms other than those expressly excluded in the policy does not automatically trigger coverage. In *Allstate Insurance Co. v. Smiley*, 276 Ill. App. 3d 971, 978-79 (1995), we said that the plaintiff's characterization of the defendant's negligence as "personal" did not

negate the fact that the alleged negligence arose out of the defendant's business activity, which was expressly excluded under the insurance policy in question. In *Allstate*, we distinguished *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.*, 107 Ill. App. 3d 190 (1982) (*USF&G I*), and *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.*, 152 Ill. App. 3d 46 (1987) (*USF&G II*) (collectively, *USF&G*). In *USF&G*, a commercial general liability carrier was found liable to defend and indemnify its insured, a day-care center, on a personal injury claim. The injured child fell out of a car owned by the day-care center. The plaintiffs sought recovery against the day-care center on several theories, including negligent supervision of the children and negligent supervision of the employees. The *USF&G* court found that the child's injuries were the result of two separate proximate causes: the negligence of the day-care center in supervising the children and the negligence of the employees in operating the vehicle. The court said:

> " 'If a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy.' " *Allstate*, 276 Ill. App. 3d at 981, quoting *USF&G II*, 152 Ill. App. 3d at 48.

However, the *Allstate* court noted that *USF&G* could only be properly understood when read in context with *Allstate Insurance Co. v. Pruitt*, 177 Ill. App. 3d 407 (1988). In *Pruitt*, the insured's minor son injured the plaintiff when he ran into him while riding a motorbike. The plaintiff sued the son for the negligent operation of the motorbike and sued the father for the negligent supervision of the son. The father's homeowner's insurance policy carrier rejected the tender of defense, citing the automobile exclusion in the homeowner's policy. The Pruitts argued that " 'the separate and distinct allegation of failure to supervise may be covered even in a case where negligent operation is also alleged and excluded.' " *Pruitt*, 177 Ill. App. 3d at 410. The court found that the insurer had no duty to defend or indemnify the Pruitts. The court distinguished *USF&G* as a case in which "the underlying complaint described acts of alleged negligence and theories of recovery wholly independent from those relating to the allegedly negligent operation of the automobile," whereas the claim of negligent supervision against the senior Pruitt was "based solely on the minor's ownership and operation of the minibike." *Pruitt*, 177 Ill. App. 3d at 411. Thus, the *Allstate* court

said, because the father could be found negligent only if the son were found negligent, the excluded cause predominated, and the claim was not covered. *Allstate*, 276 Ill. App. 3d at 982. Put another way, the *USF&G* defendants might have been successfully sued for negligent supervision whether the child was injured falling out of a car or falling out of a tree.

In the case *sub judice*, count XXVII of the underlying complaint alleging the federal drug regulation is actionable *only because* the underlying plaintiffs were injured in a *vehicle* collision, since the statute at issue is designed solely to remedy the problem of intoxicated commercial drivers on the public roadways. See 49 C.F.R. § 391.83(a) (1993) ("[T]his subpart applies to motor carriers and persons who operate a commercial motor vehicle as defined in this subpart in interstate commerce"). Thus, as was the case in *Pruitt*, the excluded cause (the automobile accident exclusion) predominates over the claim in count XXVII that Unique Presort failed to comply with the Code of Federal Regulations as it relates to drug testing of its drivers.

We note that Unique Presort apparently argued the construction of the term "auto" in the policy before the trial court, but it does not repeat that argument on appeal, and we therefore will not consider the construction of the term. In any event, we would be bound by the principles of contract construction to give the term the meaning intended by the parties. See *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.*, 168 Ill. App. 3d 361, 370 (1988) ("The paramount objective [in construing a policy] is to give effect to the intent of the parties as expressed by the terms of the agreement"). Because this is a commercial general liability policy and was clearly not intended to provide any sort of vehicle liability insurance coverage, we would conclude that the exclusion encompasses any vehicle designed to be driven upon the public roadways.

We note the well-settled principle that an insurer's duty to defend is much broader than the duty to indemnify. *Great West Steel Industries, Ltd. v. Northbrook Insurance Co.*, 138 Ill. App. 3d 84, 96 (1985). As MBI notes in its brief, a carrier may owe a duty to defend, yet, depending on the proofs at trial, may ultimately be found to have no duty to indemnify. See *Murphy v. Urso*, 88 Ill. 2d 444 (1981). Thus, even if the trial court had correctly concluded that MBI had a duty to defend Unique Presort in this case, it was premature for the court to also find a duty to indemnify. That determination could only be made after a trial on the merits of the underlying cause of action.

Lastly we address MBI's contention that the trial court abused its discretion in allegedly relying upon unpublished Rule 23 orders in

rendering judgment in this case. We note that Unique Presort argues that the trial court did not rely on Rule 23 orders in its decision, but only referred to them in passing while relying on published law. However, the trial court cited no published opinions in its ruling, nor does Unique Presort offer any in its brief. We also find nothing in the record to indicate specific Illinois case law upon which the court may have relied.

We therefore reiterate the widely known principle that Rule 23 orders are not precedential and have no binding force except in the case in which they were issued. See Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, eff. July 1, 1994; *Schlenz v. Castle*, 115 Ill. 2d 135 (1986).

We conclude that count XXVII of the underlying complaint alleges no facts that would remove it from the scope of the automobile accident exclusion provision of the MBI policy. We find that MBI was entitled to judgment on the pleadings and that it has no duty to defend Unique Presort in the underlying action.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and MBI's motion for judgment on the pleadings is granted pursuant to this court's authority under Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)).

Judgment reversed; motion granted.

GEIGER, P.J., and BOWMAN, J., concur.