In the

# United States Court of Appeals
### For the Seventh Circuit

No. 07-3147

NAUTILUS INSURANCE COMPANY,
an Arizona corporation,

*Plaintiff-Appellant,*

*v.*

1452-4 N. MILWAUKEE AVENUE, LLC,
GREAT CENTRAL INSURANCE COMPANY,
a subrogee of Thomas Tunney Enterprises, Ltd.
doing business as Ann Sather Restaurant,
and BADGER MUTUAL INSURANCE COMPANY,
as subrogee of Anthony Mignano,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 6440—**Matthew F. Kennelly**, *Judge.*

ARGUED FEBRUARY 14, 2008—DECIDED APRIL 7, 2009

Before RIPPLE, SYKES, and TINDER, *Circuit Judges*.

SYKES, *Circuit Judge.* Nautilus Insurance Company filed this declaratory-judgment action to determine whether

it has a duty to defend or indemnify its insured, 1452-4 North Milwaukee Avenue LLC ("1452 LLC"), against lawsuits alleging that an excavation on 1452 LLC's property damaged a neighboring building. In Nautilus's view, none of the claimed damage is covered because two clauses in the insurance policy—the "contractors and subcontractors" exclusion and the "classification limitation" exclusion—eliminate coverage for the property damage alleged in the underlying complaints. The district court disagreed, entered judgment on the pleadings declaring a duty to defend, and dismissed the duty to indemnify claim as unripe. Nautilus appeals.

We reverse. The underlying complaints assert multiple claims against 1452 LLC, its contractors, and a subcontractor, but the property damage at issue in all the claims—damage to the neighboring building—is alleged to have arisen from excavation work performed on 1452 LLC's property by contractors and a subcontractor. Although the complaints assert claims for relief against 1452 LLC directly (for negligence, res ipsa loquitur, and violation of a statutory duty to give adjacent property owners advance notice of the excavation), these claims do not allege any property damage or injury independent of the damage caused by the contractors' and subcontractor's negligent excavation. That is, the claims against 1452 LLC simply state alternative theories of recovery for the property damage caused by the faulty excavation work conducted by the contractors and the subcontractor. Because coverage for this property damage is excluded by the contractor-subcontractor exclusion,

Nautilus has no duty to defend and therefore no duty to indemnify either.

## I. Background

In the fall of 2005, the building that housed the Ann Sather Restaurant, located at 1448 North Milwaukee Avenue in Chicago, was damaged so seriously that it had to be demolished. The restaurant, the owner of the property, and two insurance companies that had to pay for the loss filed lawsuits in Cook County Circuit Court alleging that the damage was caused by a negligent excavation conducted at 1452-54 North Milwaukee Avenue, the property next door to the restaurant.[1] The suits were brought against 1452 LLC, the owner of 1452-54 North Milwaukee Avenue, and the general contractor, project manager, and subcontractor hired by 1452 LLC to perform the excavation.

The complaints alleged that 1452 LLC hired the contractor, project manager, and subcontractor to perform an excavation on its property and that they botched the job. More specifically, the complaints alleged that the contractor, project manager, and subcontractor failed to properly reinforce the neighboring property; ran a backhoe into the side of the restaurant causing structural damage; and committed various other errors and omissions during the course of their work. The complaints

---

[1] The allegations in each of the complaints are identical for purposes of this coverage dispute.

further alleged that the damage to the restaurant building was so severe that the building had to be demolished.

The complaints asserted various claims for relief against the contractor, project manager, and subcontractor, and also asserted claims against 1452 LLC for negligence, negligent hiring and supervision of the contractors and subcontractor, res ipsa loquitur, and violating section 140/1 of chapter 765 of the *Illinois Compiled Statutes.* Section 140/1 requires that a property owner "intending to make or to permit an excavation to be made on his land shall give due and reasonable notice in writing to the owner or owners of adjoining lands." 765 ILL. COMP. STAT. 140/1(1). If notice is not given, the statute imposes liability on the property owner for any damage to the adjacent property "arising from such excavation." *Id*. 140/1(2). The complaints alleged that the required statutory notice was not given.

Nautilus Insurance Company had issued a comprehensive general liability policy ("CGL") to 1452 LLC covering the time period in question, so 1452 LLC tendered the defense of the lawsuits to Nautilus. Nautilus denied coverage and brought this suit against 1452 LLC and the plaintiffs in the underlying suits in federal district court, invoking the court's diversity jurisdiction and seeking a declaratory judgment that it had no duty to defend or indemnify its insured in the underlying lawsuits. Nautilus claimed that the property damage alleged in the underlying complaints was excluded from coverage under the CGL policy's "contractors and subcontractors" exclusion or its "classification limitation" exclusion. Some

of the defendants moved to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*; others sought judgment on the pleadings under Rule 12(c). All of the motions were premised upon the argument that neither of the exclusions invoked by Nautilus applied, so the district court treated all of the motions as seeking judgment on the pleadings.

The district court rejected Nautilus's arguments about the applicability of the two exclusions and found coverage under the policy. The court first held that although the property damage alleged in the underlying complaints "was occasioned by 1452 LLC's contractors' operations," the statutory claim against 1452 LLC fell outside the contractor-subcontractor exclusion and therefore was covered by the policy. The court said that if 1452 LLC were found to have violated the statute, then "it breached a duty that it owed neighboring property owners directly, making it liable based on its own conduct, not that of contractors or subcontractors." The court also concluded that the classification-limitation exclusion did not apply. That clause of the policy excludes coverage for "operations that are not classified or shown on the Declarations, its endorsements, or supplements." The declarations, endorsements, and supplements in the policy listed 1452 LLC's property as "vacant land" and a "vacant building," and under "description of operations" specified that 1452 LLC "intends to demolish" the building. Nautilus argued that it was possible that 1452 LLC was using the building in some capacity or storing some personal property there and thus the property might not

actually have been "vacant" as classified in the declarations, endorsements, and supplements. The district court rejected this argument, noting that nothing in the underlying complaints supported this speculation; to the contrary, the complaints described vacant property that was demolished and excavated. Accordingly, the court entered a declaration that Nautilus had a duty to defend 1452 LLC, dismissed the duty-to-indemnify claim as unripe, and entered final judgment terminating the case. Nautilus appealed.

## II. Analysis

The question in a duty-to-defend case is whether the damages alleged in the underlying complaint fall within or potentially within the insurance policy's coverages. Under Illinois law, which governs this suit, Nautilus may justifiably refuse to defend only if it is clear from the underlying complaints that the alleged property damage does not fall within or potentially within the policy's coverage. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). Here, it would be clear that Nautilus was required to defend against the suits if not for the two exclusions in the CGL policy that were the focus of dispute in the district court. The first—the contractor-subcontractor exclusion—excludes from coverage all property damage "arising out of operations performed for you by contractors or subcontractors you hire or your acts or omissions in connection with your general supervision of such operations." The second—the classification-limitation exclusion—is designed to limit

the types of risk that are covered and excludes coverage for damage from "operations that are not classified or shown on the Declarations, its endorsements or supplements." Our review is de novo. *Sokol & Co. v. Atl. Mut. Ins. Co.*, 430 F.3d 417, 420 (7th Cir. 2005). Nautilus has the burden of establishing that coverage is excluded. *Id.* at 423 (citing *Conn. Specialty Ins. Co. v. Loop Paper Recycling, Inc.*, 824 N.E.2d 1125, 1130 (Ill. App. Ct. 2005)).

## A. Contractor-subcontractor Exclusion

Nautilus argues that it has no duty to defend because the property damage alleged in the underlying complaints is excluded by the contractor-subcontractor exclusion. In reaching the opposite conclusion, the district court emphasized that 1452 LLC might be liable "based on its own conduct, not that of contractors or subcontractors," because the underlying complaints alleged that 1452 LLC failed to give the statutorily required advance notice of the excavation. Nautilus takes issue with this reasoning, noting that the contractor-subcontractor clause excludes not only property damage "arising out of operations performed . . . by contractors or subcontractors," but also damage arising out of 1452 LLC's own "acts or omissions in connection with [its] general supervision of such operations." This language plainly knocks out coverage for claims based on negligent hiring or negligent supervision of contractors and subcontractors. It *may* also exclude coverage for the statutory claim *if* the failure to give the required notice is considered an

"act[ ] or omission[ ] in connection with [1452 LLC's] general supervision of [the contractors' and subcontractor's] operations."

We need not decide this precise question. Under the statute, 1452 LLC was required to give adjacent property owners advance notice of the excavation; a failure to comply results in liability to adjacent property owners, their occupants, and tenants for any damage to the adjacent land or buildings "arising from such excavation." 765 ILL. COMP. STAT. 140/1(2). While it is true that the statutory duty of the property owner is independent of the duties of contractors and subcontractors, there is no separate or independent compensable *injury*; a failure to comply gives rise to liability for any property damage "arising from" the excavation. Thus, the statutory claims in the underlying complaints seek recovery for the same loss as all the other claims—the property damage arising out of the faulty excavation performed by 1452 LLC's contractors and subcontractor—and coverage for *that* property damage is excluded by the contractor-subcontractor exclusion.

In this situation, Illinois caselaw holds that there is no coverage for either of the intertwined claims. *See Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement*, 741 N.E.2d 253, 254-55 (Ill. 2000); *Mass. Bay Ins. Co. v. Uniquet Presort Servs., Inc.*, 679 N.E.2d 476, 479 (Ill. App. Ct. 1997); *Oakley Transp., Inc. v. Zurich Ins. Co.*, 648 N.E.2d 1099, 1107 (Ill. App. Ct. 1995). The *Northbrook Property*, *Massachusetts Bay*, and *Oakley* decisions all involved applications of a standard automobile exclusion in a CGL policy. The

underlying lawsuits sought damages arising out of auto-mobile accidents caused by (in *Oakley* and *Massachusetts Bay*) the insureds' truck drivers or (in *Northbrook Property*) the insured's bus driver.

In *Oakley*, the underlying complaint stated claims against a trucking company for negligent entrustment and negligent supervision of its truck driver and sought damages for an accident caused by the driver. 648 N.E.2d at 1101. The automobile exclusion in the trucking company's CGL policy excluded damages arising out of the use of automobiles owned or operated by the insured. The Illinois Appellate Court held that coverage was excluded under the policy's automobile exclusion because the injury alleged in the negligent entrustment and supervision claims was "not independent of, but inextricably intertwined with, the employee's use of the truck." *Id.* at 1107.

In *Massachusetts Bay,* the underlying complaint alleged that the insured trucking company failed to comply with federal regulations requiring it to test its drivers for drug use and sought damages for an accident caused by one of its truck drivers while under the influence of drugs. 679 N.E.2d at 477. As in *Oakley*, the trucking company's CGL policy contained a standard automobile exclusion. The Illinois Appellate Court held that the exclusion applied because the drug-testing claim against the trucking company "is specifically dependent upon the fact that [the plaintiffs'] injuries occurred in a vehicle accident." *Id.* at 479.

In *Northbrook Property*, the underlying complaint alleged that the insured school districts failed to properly

inspect bus routes and train bus drivers and sought damages for an accident caused by one of the districts' school-bus drivers. The Illinois Supreme Court held that the automobile exclusion in the school district's CGL policy applied:

> The policy excludes injuries arising from the school districts' use or operation of a motor vehicle. Allegations that the school districts inadequately planned and inspected bus routes or failed to warn bus drivers of potential hazards along the routes are nothing more than rephrasings of the fact that the students' injuries arose from the school districts' use or operation of a motor vehicle. Contrary to the appellate court's holding, the students' complaints failed to allege that the injuries arose from events wholly independent of any negligent operation of the bus. Northbrook therefore has no duty to defend the school districts in the underlying lawsuits.

*Northbrook Property*, 741 N.E.2d at 254-55 (citation and internal quotation marks omitted).

The same result is required here. The claims against 1452 LLC in the underlying complaints do not allege any property damage or other injury independent of the property damage caused by the botched excavation performed by 1452 LLC's contractors and subcontractor. The underlying complaints allege that 1452 LLC is liable for that property damage by virtue of having failed to give the statutorily required notice, but because the property damage alleged in the complaints falls within the terms of the contractor-subcontractor exclusion, the presence of an alternative theory of relief against 1452

LLC is insufficient to trigger coverage. The negligence and res ipsa loquitur claims against 1452 LLC also seek recovery for the same injury—property damage arising out of operations performed by 1452 LLC's contractors and subcontractor—and are therefore excluded by the contractor-subcontractor exclusion as well.

### B. The Classification-limitation Exclusion

Nautilus also maintains that the policy's classification-limitation exclusion operates to exclude coverage here. However, our conclusion that the contractor-subcontractor exclusion applies makes any discussion of the applicability of *another* exclusion academic. We will say only that this argument seems weak. The classification-limitation clause excludes coverage if 1452 LLC used its property in a way that wasn't disclosed in the policy's declarations, endorsements, or supplements, and those indicated that the insured property was vacant. Nautilus argues that 1452 LLC might have been storing property in its building or otherwise using it in some capacity, making the building not "vacant."

At this stage of the proceedings, only the allegations in the underlying complaints are relevant, and they do not mention that any property was being stored in 1452 LLC's building or that the building was anything but vacant. The complaints describe an excavation on 1452 LLC's property, suggesting that 1452 LLC's building was demolished; this is fully consistent with the "vacant land" and "vacant building" classification in the policy.

Nautilus points out that the Illinois appellate courts have sometimes permitted consideration of extrinsic evidence in a duty-to-defend case if that evidence relates to issues that are unlikely to be addressed in the underlying lawsuit. *See, e.g., State Farm Fire & Cas. Co. v. Shelton*, 531 N.E.2d 913, 919 (Ill. App. Ct. 1988); *Fid. & Cas. Co. of N.Y. v. Envirodyne Eng'rs, Inc.*, 461 N.E.2d 471, 473-74 (Ill. App. Ct. 1983). Whether 1452 LLC's building was vacant is unlikely to be relevant in the underlying lawsuit, so Illinois courts might consider evidence addressing that issue in determining whether there is a duty to defend. Even assuming extrinsic evidence could be considered, however, Nautilus has offered nothing but its own speculation that 1452 LLC's building might not have been vacant. That would ordinarily be the end of the matter because Nautilus has the burden of proving that the exclusion applies. *Sokol*, 430 F.3d at 423; *see also U.S. Fid. & Guar. Co. v. Brennan*, 410 N.E.2d 613, 615 (Ill. App. Ct. 1980). This case was decided at the pleadings stage, however, and Nautilus argues on appeal that it is entitled to discovery on the issue of the classification-limitation exclusion.

We need not resolve these questions. The contractor-subcontractor exclusion applies, and therefore Nautilus has no duty to defend 1452 LLC in the underlying lawsuits. Because the duty to defend is broader than the duty to indemnify, Nautilus is entitled to a declaratory judgment that it has no duty to defend *or* indemnify 1452 LLC. *See Sokol*, 430 F.3d at 421 (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1081 (Ill. 1993)).

The judgment of the district court is REVERSED, and the case is REMANDED for entry of judgment for Nautilus consistent with this opinion.