AMERICAN FAMILY INSURANCE COMPANY, Plaintiff-Appellant, v.
BRIAN WOIWODE *et al.*, Defendants-Appellees.

Second District   No. 2—95—0512

Opinion filed November 22, 1995.

D. Kendall Griffith, Bruce L. Carmen, and Jeffrey G. Eaton, all of Hinshaw & Culbertson, of Chicago, for appellant.

Peter Alfieri, of Briski & Alfieri, of Chicago, and Jay K. Filler, Jr., of Franks, Filler & Gerkin, of Marengo, for appellees.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiff, American Family Insurance Company, appeals the order of the circuit court granting summary judgment for defendant, Brian Woiwode, and denying summary judgment for plaintiff. Plaintiff contends that the trial court erred in granting Woiwode's motion for summary judgment and denying plaintiff's motion for summary judgment because the Illinois Insurance Code (Code) (215 ILCS 5/1 *et seq.* (West 1992)) does not prohibit the insurance policy's exclusions for bodily injury to the named insured. We reverse.

On May 21, 1993, William Rice was the passenger in an automobile driven by Woiwode. William Rice owned the automobile, but he had given Woiwode permission to operate the vehicle. The automobile struck a tree, and William Rice died as a result of injuries he incurred during the accident. Plaintiff issued William Rice an automobile insurance policy effective from March 9, 1993, to June 9, 1993. The policy insured the vehicle involved in the accident and provided liability and uninsured motorist coverage. On September 7, 1993, the decedent's mother, Linda Rice, was named special administrator of William Rice's estate. Subsequently, Linda Rice filed a wrongful death action against Woiwode, seeking damages for injuries sustained by William Rice in the May 21, 1993, accident.

Plaintiff filed suit for a declaratory judgment on February 16, 1994. In its complaint, plaintiff sought a declaration stating that it has no duty to defend or indemnify Woiwode in the wrongful death action filed by Linda Rice. In support of this assertion, plaintiff relied on an exclusion in the insurance policy. In part I of the policy, pertaining to liability coverage, there is a heading entitled "EXCLUSIONS." Under the "EXCLUSIONS" heading, the policy states that

"[t]his coverage does not apply to *** [b]odily injury to *** [y]ou or any person related to you and residing in your household." The policy further defines the term "you" as used in the policy. Under a heading entitled "DEFINITIONS USED THROUGHOUT THIS POLICY," the policy states that "[y]ou and your mean the policyholder named in the declarations and spouse, if living in the same household."

On June 20, 1994, Woiwode filed a motion for summary judgment. In the motion, Woiwode contended that the policy's exclusion of liability coverage for bodily injury violated section 143.01(b) of the Code (215 ILCS 5/143.01(b) (West 1992)). Section 143.01(b) of the Code provides that the insured's family members may not be excluded from coverage for bodily injury under certain circumstances.

Plaintiff filed a cross-motion for summary judgment on August 10, 1994. In the motion, plaintiff asserted that section 143.01(b) of the Code applied only to family members of the insured, not to the insured himself. On October 3, 1994, the trial court denied plaintiff's motion and granted Woiwode's motion for summary judgment. The trial court ordered plaintiff to continue to provide insurance coverage to Woiwode in the wrongful death action. The trial court also made an express written finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the order.

On appeal, plaintiff contends that the trial court erred in not granting plaintiff's motion for summary judgment because section 143.01(b) of the Code does not prohibit exclusions for bodily injury to the named insured. A reviewing court conducts a *de novo* review of an order granting summary judgment. (*Zoeller v. Augustine* (1995), 271 Ill. App. 3d 370, 374.) If the court's review reveals the existence of a material issue of fact or an error in legal interpretation, reversal is warranted. *Zoeller*, 271 Ill. App. 3d at 374.

■ Section 143.01(b) of the Code provides:

"(b) A provision in a policy of vehicle insurance excluding coverage for bodily injury to members of the family of the insured shall not be applicable when any person not in the household of the insured was driving the vehicle of the insured involved in the accident which is the subject of the claim or lawsuit." 215 ILCS 5/143.01(b) (West 1992).

■ When construing a statute, a court must ascertain and give effect to the intent of the legislature. (*People v. Hickman* (1994), 163 Ill. 2d 250, 261.) A consideration of the statutory language is the primary and best means of interpreting the legislative intent. (*Balmoral Racing Club, Inc. v. Illinois Racing Board* (1992), 151 Ill. 2d 367, 390.)

Furthermore, a statute must be given its plain and ordinary meaning, and no rule of construction allows a court to declare that the legislature did not mean what the plain language of the statute indicates. (*People ex rel. LeGout v. Decker* (1992), 146 Ill. 2d 389, 394.) Accordingly, a court should not read a statute other than how it is written. *Balmoral Racing Club, Inc.*, 151 Ill. 2d at 390.

The appellate court construed the statute (Ill. Rev. Stat. 1985, ch. 73, par. 755.01(b) (now 215 ILCS 5/143.01(b) (West 1992))) in *Allen v. State Farm Mutual Automobile Insurance Co.* (1991), 214 Ill. App. 3d 729, as part of a choice of law determination. Although the appellate court's analysis of the statute was *dicta*, we recognize that *dicta* may be persuasive (*People v. Dylak* (1994), 258 Ill. App. 3d 141, 143). In *Allen*, the insurance policy had an exclusion similar to the one in the present case. The exclusion in *Allen* provided that there was no liability coverage for bodily injury to "ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD." (*Allen*, 214 Ill. App. 3d at 732.) The appellate court concluded that no Illinois law invalidated the exclusion. (*Allen*, 214 Ill. App. 3d at 734.) The court stated that the Illinois statute "invalidates an exclusion for liability to an insured's *family members* in some circumstances, but not an exclusion for liability to an insured." (Emphasis in original.) (*Allen*, 214 Ill. App. 3d at 734.) It is apparent that the court in *Allen* gave the statute its plain meaning in determining that the statute would not invalidate an exclusion for bodily injury to an insured.

■ Woiwode attempts to distinguish the present case from *Allen*. Woiwode argues that, unlike the language of the policy in the present case, the policy's language in *Allen* excludes coverage for "any insured." The insurance policy issued by plaintiff defines "you" as the policyholder and the policyholder's spouse. Woiwode argues that, because the policy's definition of "you" does not include permissive users of the insured's vehicle, permissive users are not subject to the policy's exclusion for bodily injury. Woiwode also argues that, since William Rice was a member of his own family, the entire exclusion clause is invalidated under the "members of the family" language in section 143.01(b) of the Code.

We do not find these arguments persuasive. If the language in an insurance policy is clear and unambiguous, a court should give effect to the plain and obvious meaning of that language. (*State Farm Mutual Automobile Insurance Co. v. Reinhardt* (1993), 253 Ill. App. 3d 823, 824.) The term "policyholder" in William Rice's policy has a similar meaning to the "any insured" language in *Allen*. The main difference between the policy's language in *Allen* and the language

in the present case is that the wording in *Allen* did not include the insured's spouse in its definition of the insured. We conclude that, although the policy's language in *Allen* is slightly different from the policy's language here, the meaning of the language in the two policies is analogous for the purpose of interpreting section 143.01(b) of the Code.

Before construing section 143.01(b) of the Code, we note that the case of *Safeco Insurance Co. v. Seck* (1992), 225 Ill. App. 3d 397, relied on by Woiwode, is inapplicable to the present case. The question in *Seck* was whether the abrogation of interspousal tort immunity invalidated the family exclusion clause in an automobile insurance policy. (See *Seck*, 225 Ill. App. 3d at 398.) Accordingly, the issue in *Seck* is unrelated to the issue in this case.

■ Looking to the plain meaning of the statutory language of section 143.01(b) of the Code, we conclude that the "members of the family" language does not include the named insured. In section 143.01(b) of the Code, the legislature invalidated exclusions from insurance for bodily injuries to members of the family of the insured under certain circumstances. If the legislature intended to invalidate exclusions for bodily injury to the insured, the legislature would have manifested that intent by placing unequivocal language in the statute concerning the insured, to accompany the family exclusion language. The clear and plain meaning of the statute is that "members of the family of the insured" does not include the named insured. The legislature intended that members of the insured's family, but not the insured himself, would be exempt from exclusions for bodily injury where a permissive driver, who is not a member of the insured's household, is involved in an accident. Therefore, we conclude that section 143.01(b) of the Code does not prohibit exclusions for bodily injury to the named insured where the insured's vehicle was driven by a person not in the insured's household.

Moreover, there are sound public policy reasons for not invalidating exclusions for the insured as is done for the members of the insured's family in section 143.01(b) of the Code. Because of the exclusion for bodily injury to the named insured contained in the policy issued by plaintiff, coverage will fall on the insurance policy of the permissive driver, Woiwode. Without the exclusion clause, the named insured's policy would take precedence over the insurance policy of the permissive driver. It is rational for the permissive driver's policy to take precedence because the permissive driver's insurer agreed to cover him for the negligent operation of an automobile. If the permissive driver does not have liability insurance, the named insured is still protected by his policy's uninsured motorist coverage.

Pursuant to section 143.01(b) of the Code, a family member other than the insured can sue a permissive driver under the insured's policy, while the insured cannot. As opposed to the insured's family members, the insured has the right to control who may drive the insured's automobile. By allowing an exclusion for the insured when someone other than a family member drives the insured's vehicle, the statute prevents possible collusion between the insured and a permissive driver.

■ We now apply section 143.01(b) of the Code to the language in the exclusion clause of William Rice's insurance policy. The statute clearly invalidates the portion of William Rice's insurance policy which excludes coverage for bodily injury to "any person related to you." Since the term "you" encompasses both the insured and the insured's spouse, the statute does not invalidate the exclusion for the insured as defined in the term "you" but does invalidate the exclusion for the insured's spouse because a spouse is a member of the insured's family. Therefore, we conclude that, because the term "you" includes the named insured, the exclusion of the insured in the insurance policy issued by plaintiff is a valid exclusion.

We reverse the circuit court's order granting summary judgment for Woiwode and denying summary judgment for plaintiff. Accordingly, we grant plaintiff's request for a declaratory judgment. Plaintiff has no duty to defend or indemnify Woiwode in the wrongful death action filed by Linda Rice.

For the foregoing reasons, we reverse the judgment of the circuit court.

Reversed.

DOYLE and HUTCHINSON, JJ., concur.