STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. SANDRA TROUSDALE, Adm'r of the Estate of Jerry E. Trousdale, Deceased, Defendant-Appellant.

First District (4th Division) No. 1—95—2229

Opinion filed November 27, 1996.

John Bernard Cashion and John Coleman, both of Chicago, for appellant.

Michael C. Borders and Nicole A. Roth, both of Rooks, Pitts & Poust, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Jerry Trousdale was killed in a one-car accident while he was a passenger in a Corvette he owned with his wife. At the time of the accident, Joanne Grygiel was driving the Corvette with his permission. Trousdale cancelled all but the comprehensive coverage portion of his Corvette's underlying insurance policy prior to the accident. Therefore, Trousdale did not have automobile insurance covering the injuries arising from the Corvette's accident.

The Trousdales did own three other insurance policies: (1) an automobile policy on their Mercedes-Benz; (2) an automobile policy on their Lincoln Town Car; and (3) a personal liability umbrella policy which included an optional endorsement adding uninsured and underinsured motor vehicle coverage with a $2 million liability limit.

Grygiel had primary vehicle insurance for her own automobile, which provided coverage while she was driving the Corvette. Grygiel's policy had a liability limit of $100,000 and Grygiel did not have an excess liability or umbrella policy. As administrator of Trousdale's estate, Mrs. Trousdale sought damages in excess of the coverage provided by Grygiel's policy. Grygiel's policy, however, is not at issue in this suit. What is at issue is whether the underinsured motor vehicle (UIM) endorsement from the Trousdales' umbrella policy provides coverage under the facts of this case.

State Farm brought a declaratory action to determine whether Trousdale's estate could recover under the umbrella's UIM endorsement. State Farm contended that the Corvette did not fall within the definition of an underinsured motor vehicle as defined by the umbrella policy, because the policy expressly excluded coverage for the insured's own vehicle. In addition, this excess policy required the insured to maintain an underlying vehicle insurance policy.

Defendant filed an amended counterclaim alleging that State Farm violated the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 1994)) because: (1) State Farm did not explain to the Trousdales that the scope of the coverage under the UIM endorsement differed from that contained in the Corvette's original underlying insurance policy; (2) a clause in the umbrella policy adopted the terms of the underlying vehicle insurance policies and all the policies were deceptive in stating no vehicle insured under the liability coverage of the policy could be considered uninsured or underinsured; and (3) the policies were

deceptive and they violated section 143.01(b) of the Insurance Code (215 ILCS 5/143.01(b) (West 1994)).

The parties filed cross-motions for summary judgment on State Farm's complaint. In response to State Farm's motion for summary judgment, defendant conceded that the umbrella's UIM endorsement clearly excluded the insured's own vehicle from coverage. However, defendant argued that State Farm was still obligated to cover the injuries arising from the accident. Defendant claimed that: (1) the exclusionary clause was void because it violated public policy and section 143.01(b) of the Insurance Code; and (2) if the court accepted State Farm's position, the coverage under the policy would be illusory.

The trial court granted State Farm's motion for summary judgment and denied defendant's motion for summary judgment. The trial court found that the policy's provisions clearly excluded coverage for the Corvette, that the public policy codified in section 143.01 did not apply to umbrella policies, and that the coverage was not illusory as the UIM protected insureds when involved in accidents with underinsured third parties.

The trial court also granted State Farm's section 2—619 motion (735 ILCS 5/2—619 (West 1994)) to dismiss defendant's counterclaim, finding that defendant failed to state a cause of action under the Consumer Fraud Act. Defendant appeals from all of these rulings, and we affirm.

■ On appeal, defendant first argues that the clause in the umbrella policy's UIM endorsement that excludes coverage for the insured's own vehicle violates section 143.01 of the Insurance Code. Section 143.01 provides:

"(b) A provision in a policy of vehicle insurance excluding coverage for bodily injury to members of the family of the insured shall *not be applicable when any person not in the household of the insured was driving the vehicle of the insured* involved in the accident which is the subject of the claim or lawsuit." (Emphasis added.) 215 ILCS 5/143.01(b) (West 1994).

State Farm argues, however, that section 143.01 applies to vehicle insurance policies only, and not umbrella policies. State Farm notes that section 143a—2(5) of the Insurance Code provides, in pertinent part:

"Insurers providing liability coverage on an excess or umbrella basis are neither required to provide, nor are they prohibited from offering or making available coverages conforming to this Section on a supplemental basis." 215 ILCS 5/143a—2(5) (West 1994).

State Farm claims that the plain language of this section provides that the umbrella policy need not conform to section 143.01(b).

Defendant counters that the UIM endorsement to the umbrella policy is a policy of vehicle insurance. In addition, defendant argues that the plain language of section 143a—2(5) does not relieve insurers offering umbrella policies from complying with the requirements of the Insurance Code and particularly section 143.01.

■ We find no need to resolve this issue, however, as section 143.01 only invalidates those provisions that exclude coverage "for bodily injury to members of the family of the insured." 215 ILCS 5/143.01(a) (West 1994). Under the plain meaning of the statute, section 143.01 indicates policy provisions that exclude members of the insured's family, but not those that exclude the insured. *American Family Insurance Co. v. Woiwode*, 276 Ill. App. 3d 176, 658 N.E.2d 51 (1995).

Therefore, we reject defendant's argument that the legislature intended for section 143.01 to afford protection to the insured. "Where, as here, the language of the statute is clear and unambiguous, there is no occasion for judicial construction; the only proper function of a court is to enforce the law as enacted by the legislature according to the plain meaning of the words used." *Golladay v. Allied American Insurance Co.*, 271 Ill. App. 3d 465, 469, 648 N.E.2d 157, 160 (1995). Because the language of section 143.01(b) clearly applies only to family members of the insured, we find that it does not void the umbrella policy's exclusion.

■ Next, defendant argues that the umbrella policy's UIM endorsement did not meet the Trousdales' reasonable expectations when purchasing the policy. Defendant claims that the Trousdales reasonably expected that the UIM endorsement would provide coverage just as a policy for vehicle insurance would.

In *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 592 N.E.2d 1031 (1992), the Illinois Supreme Court voided express policy language under the reasonable expectations doctrine. The court ruled that the "exculpatory language on which State Farm relies cannot be read in isolation. Rather, it must be read in conjunction with the policyholder's reasonable expectations." *Hoglund*, 148 Ill. 2d at 279, 592 N.E.2d at 1034. The court noted that the policy could not have met the consumer's reasonable expectations because literally applying the language of the policy would nullify the basic coverage intended by the policy.

We find that defendant's argument lacks merit. Defendant claims that she expected the UIM endorsement would provide coverage to the insured for bodily injuries sustained while riding in his own vehi-

cle. The law provides that an insured has a duty to read policy language. *Hofeld v. Nationwide Life Insurance Co.*, 59 Ill. 2d 522, 322 N.E.2d 454 (1975). A review of the express language of the UIM endorsement and the general purpose of such policies reveals that such an expectation was unreasonable.

The UIM endorsement clearly and unambiguously states that while the insured would be protected against other financially irresponsible drivers, it would not apply to the insured's own underinsured vehicle. Furthermore, the UIM endorsement specifically provides that the insured must maintain underlying vehicle insurance.

■ In addition, we reject defendant's argument that if we interpret the UIM endorsement as not providing coverage under these facts, the UIM endorsement's coverage is illusory. The endorsement offers the insured protection and coverage when the insured is injured in an accident with a driver whose insurance policy is inadequate. Such a policy enables an insured to determine for himself how much coverage he believes is acceptable, instead of leaving that decision to other drivers. Because the UIM endorsement provides beneficial coverage, the exculpatory language in the UIM endorsement is readily distinguishable from the exculpatory language in *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279, 592 N.E.2d 1031, 1034 (1992). As such, we decline to apply the reasonable expectations doctrine to nullify the UIM endorsement's exclusionary language.

■ Finally, we address defendant's argument that State Farm violated the Consumer Fraud Act. We have already determined the provision excluding an insured's own vehicle was not prohibited by statute or public policy. Alternatively, defendant claims that State Farm failed to properly inform the Trousdales that the UIM endorsement's coverage differed from the coverage afforded by the vehicle insurance policies. Defendant argues that under *Glazewski v. Coronet Insurance Co.*, 108 Ill. 2d 243, 483 N.E.2d 1263 (1985), such conduct clearly violates the Consumer Fraud Act. In *Glazewski*, the court found that the defendant violated the Consumer Fraud Act in selling a policy in a misleading manner which implied that the policy had value, when in fact it did not.

Unlike the policy in *Glazewski*, the UIM endorsement afforded the insured protection against underinsured drivers. As such, we find that *Glazewski* is readily distinguishable. Furthermore, looking to the elements for stating a claim under the Consumer Fraud Act, we find that defendant has not pleaded such a cause of action.

To state a cause of action under the Consumer Fraud Act, defen-

dant must allege: (1) a deceptive or unfair practice; (2) an intent by State Farm that the Trousdales rely on that deception; and (3) that the deception occurred during trade or commerce. *Siegel v. Levy Organization Development Co.*, 153 Ill. 2d 534, 607 N.E.2d 194 (1992).

We find that defendant has failed to plead a deceptive or unfair practice. In 1985, the Trousdales initially purchased underlying vehicle insurance for their Mercedes and Lincoln, and the umbrella policies. All of the policies excluded the insured's own vehicle from coverage. Effective January 1, 1988, State Farm complied with the newly enacted section 143.01 and amended its underlying vehicle policies to provide coverage for the insured's own vehicle. All customers were notified of this change. In June of 1988, the Trousdales purchased the Corvette and another underlying vehicle insurance policy.

Under these facts, we fail to see how State Farm's conduct was deceptive or unfair. State Farm sold the Trousdales an umbrella policy which clearly and unambiguously excluded coverage for the insured's own vehicle and required the insured to maintain an underlying vehicle policy, but still afforded tangible coverage. Defendant argues that State Farm breached a duty in failing to inform the Trousdales that coverage would not be afforded under the facts of this case. The cases interpreting the Consumer Fraud Act fail to support defendant's argument. See *Jones v. Universal Casualty Co.*, 257 Ill. App. 3d 842, 630 N.E.2d 94 (1994).

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.