THE CITY OF De KALB, Plaintiff-Appellant, v. DERRICK D. THOMAS *et al.*, Defendants-Appellees.

Second District   Nos. 2—00—1011, 2—00—1034 through 2—00—1053 cons.

Opinion filed May 29, 2002.

10

HUTCHINSON, P.J., dissenting.

Margo L. Ely, Assistant City Attorney, of De Kalb, for appellant.

No brief filed for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

In each of the cases consolidated here on appeal, plaintiff, the City of De Kalb, appeals from the judgment of the trial court ordering De Kalb to pay the fees of defense counsel appointed by the court. We reverse.

De Kalb is a home rule municipality pursuant to article VII, section 6(a), of the Illinois Constitution. Ill. Const. 1970, art. VII, § 6(a). As such, it has the authority to regulate public safety. See Ill. Const. 1970, art. VII, § 6(a). De Kalb has passed various ordinances regarding disorderly conduct, battery, criminal damage to property, and retail theft. See City of De Kalb Municipal Code pars. 52.02, 52.50, 52.60, 52.80. Each of these cases involves the prosecution of a violation of one of these ordinances. In each case, the trial court appointed private counsel, James Davidson, to represent the defendant. Following the disposition of the cases, Davidson filed petitions for fees, requesting the court to order De Kalb to pay attorney fees in each case. The trial court granted all of the petitions. De Kalb filed motions to reconsider

the orders. According to a bystander's report, on August 18, 2000, the trial court "indicated it would not consider, hear or rule on" the motions to reconsider, and it did not rule on the motions. This appeal followed.

■ We note that no appellee's brief was filed in any of the consolidated cases. However, as the record is simple and the claimed errors can be decided in the absence of an appellee's brief, we will decide this appeal on the merits. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ We must first address the issue of jurisdiction. The trial court refused to "consider, hear or rule on" De Kalb's motions to reconsider on August 18, 2000. De Kalb filed its notices of appeal on August 31. A notice of appeal filed before the entry of an order disposing of the last-pending posttrial motion has no effect and must be withdrawn by the party that filed it; a new notice of appeal must then be filed within 30 days after the entry of the order disposing of the last-pending posttrial motion. 155 Ill. 2d R. 303; *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 160-61 (1998). We conclude that the court's refusal to "consider, hear or rule on" De Kalb's motions effectively disposed of them. Aside from the practicality of our conclusion, we find support in the maxim that we should look to the substance of the court's action rather than its form. See *Madison Mutual Insurance Co. v. Universal Underwriters Group*, 251 Ill. App. 3d 13, 14 (1993).

We find additional support in *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288 (1991). *Yazzin* declined to base its conclusion that jurisdiction was lacking on the theory set forth in *Richey Manufacturing Co. v. Mercantile National Bank of Chicago*, 40 Ill. App. 3d 923 (1976), that failure to pursue a timely filed posttrial motion that was consequently stricken amounted to abandonment of the motion, in turn resulting in a lack of appellate jurisdiction based on the time that had elapsed since the final judgment. Rather, *Yazzin* noted that *American National Bank & Trust Co. of Chicago v. Bus*, 212 Ill. App. 3d 133 (1991), had in *dicta* stated that striking a posttrial motion more than 30 days after a final judgment would be tantamount to denial of the motion. *Yazzin* then stated, "Even assuming that the order striking plaintiff's post-trial motion 'disposed' of it under Rule 303(a), plaintiff's notice of appeal filed more than 30 days later was not timely filed and, as a result, this court does not have jurisdiction." *Yazzin*, 224 Ill. App. 3d at 291.

We find the reasoning in *Yazzin* and *American National Bank* to be persuasive. *Dicta* may be persuasive. *American Family Insurance Co. v. Woiwode*, 276 Ill. App. 3d 176, 179 (1995). Moreover, we find the *Yazzin* and *American National Bank* reasoning even more apropos in

this case. In *Yazzin* and *Richey*, the posttrial motions had been stricken based on the failure of the movant to appear at the scheduled hearings on the motions. No such lack of diligence is present in this case. On the contrary, we have a situation where the movant diligently pursued its motions and the trial court refused to entertain them. We hold that the trial court's action was tantamount to striking the motions, which was in turn tantamount to denying them, thus disposing of them for Rule 303 purposes.

■ A trial court has the inherent power to appoint counsel. See *People ex rel. Conn v. Randolph*, 35 Ill. 2d 24, 29 (1966). It is not error for a trial court on its own motion to appoint counsel for a defendant unless it is done over the defendant's objection and some exception is taken at the time. *People v. Johnson*, 45 Ill. 2d 38, 41 (1970). At times, such an appointment is mandatory to protect the rights of the accused and preserve the interests of the public in criminal prosecutions. *People v. Edmondson*, 30 Ill. App. 3d 763, 768 (1975). However, this power is not unconstrained. Section 113—3(b) of the Code of Criminal Procedure of 1963 provides in part:

> "In *all* cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or if the defendant requests counsel other than the Public Defender and the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney at law of this State ***." (Emphasis added.) 725 ILCS 5/113—3(b) (West 2000).

■ Assuming, *arguendo*, that the trial court properly determined that these defendants required legal representation, it should have appointed the De Kalb County public defender, not private counsel. There is nothing in the record that demonstrates that the rights of any defendant would have been prejudiced by such an appointment. The legislature has determined that the public defender, not private counsel, is the appointment of first resort. Therefore, the trial court had no authority to appoint private counsel in any of these cases, and such appointments were error, pursuant to section 113—3(b).

We also find no basis for the order requiring De Kalb to pay the attorney fees. Attorney fees are not to be awarded in the absence of a statute or some agreement specially authorizing such an award. See *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 113 (1976).

The prosecution of ordinance violations is hybrid in nature; the ordinances are considered quasi-criminal in nature but civil in form. *City of Danville v. Clark*, 63 Ill. 2d 408, 411 (1976). Ordinances that

carry the possibility of incarceration shall be prosecuted under and conform to the rules of criminal procedure. 65 ILCS 5/1—2—1.1 (West 2000). We find no statute, either criminal or civil, that would allow the trial court to order De Kalb to pay attorney fees in this situation. The trial court did not cite any such statutory authority in ordering the payment of fees. In the criminal realm, a court may order "the county treasurer of the county of trial" to pay reasonable fees to appointed counsel. 725 ILCS 5/113—3(c) (West 2000); see also *In re Adoption of K.L.P.*, 198 Ill. 2d 448 (2002) (wherein our supreme court concluded that the county treasurer was the proper source of payment for counsel appointed on appeal, even where the underlying termination of parental rights was brought as a private action, because the "significant state action" of filing a neglect petition had begun the process that led to the termination). A court may order a *defendant* to reimburse either the county or the state for the costs of appointed counsel (725 ILCS 5/113—3.1(a) (West 2000)). In the civil realm, there are multiple references in the state's statutes that deal with the payment of attorney fees; none of them allows the court to order a home rule municipality to pay the fees of counsel appointed to represent defendants charged with violating municipal ordinances.

In the absence of such an authorizing statute, we must reverse the orders of the trial court ordering such payment.

For these reasons, the orders of the circuit court of De Kalb County are reversed.

Reversed.

KAPALA, J., concurs.

PRESIDING JUSTICE HUTCHINSON, dissenting:

I respectfully dissent. I disagree with the majority's conclusion that we have jurisdiction to hear the instant appeals. At the time De Kalb filed its notices of appeal, its timely filed motions to reconsider remained pending before the trial court. Under Supreme Court Rule 303(a)(2), "a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion shall have no effect." 155 Ill. 2d R. 303(a)(2). Therefore, De Kalb's notices of appeal were premature and of no effect. See *Chand v. Schlimme*, 138 Ill. 2d 469, 477 (1990). As the trial court still has yet to rule on the motions to reconsider, I would dismiss these appeals for lack of appellate jurisdiction.

The majority contends that the trial court's refusal to "consider, hear or rule on" De Kalb's motions to reconsider effectively disposed

of the motions. This contention is unpersuasive for the simple reason that no order has been entered disposing of the motions, either on the merits or otherwise. The motions therefore remain open and pending on the trial court's docket. Although the majority asserts that the trial court's action was akin to striking the motions or denying them, the record fails to reflect any evidence that the trial court intended to deny or strike the motions. Lacking the requisite dispositional order, we can only speculate as to what the trial court's intentions might have been. The only thing that is clear from the bystander's report is that the trial court did not intend to hear or rule on the motions at that time. I therefore do not agree with the majority's conclusion that the trial court disposed of De Kalb's motions to reconsider for purposes of Rule 303(a)(2).

Nor do I believe that De Kalb abandoned or waived its right to a ruling on the motions. At no time did De Kalb move to withdraw its motions or otherwise state on the record that it was abandoning them. See *Chand*, 138 Ill. 2d at 478; *City of De Kalb v. Anderson*, 22 Ill. App. 3d 40, 42 (1974). Rather, as noted by the majority, De Kalb diligently pursued the motions during the proceedings below. Although De Kalb subsequently filed its notices of appeal, such action did not relieve the trial court of its obligation to rule upon the pending motions to reconsider. *Chand*, 138 Ill. 2d at 477-79 (holding that a party's filing of a notice of appeal while its posttrial motion remained pending did not constitute abandonment of the motion).

The cases relied upon by the majority in support of its jurisdictional finding are distinguishable. In *Yazzin* and *American National Bank*, the trial courts entered orders either denying or striking the motions at issue after the parties that had filed the motions failed to prosecute them. *Yazzin*, 224 Ill. App. 3d at 289; *American National Bank*, 212 Ill. App. 3d at 135. Therefore, in those cases, the courts found that the motions had been disposed of and were no longer pending. As already noted, no such dispositional order was entered in the instant cases, and the motions remain pending. Accordingly, I do not believe that De Kalb's notices of appeal were effective to trigger this court's juris-diction.