No. 3--08--0654

Filed December 30, 2009

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, a Duly Licensed Corporation, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit La Salle County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| CAROL GREER and MICHAEL MIELCZAREK, Individually and as Special Administrator of the estate of Daniel Mielczarek, Deceased, | ) ) ) ) ) | No. 07--MR--52 |
| Defendants-Appellants | ) ) | |
| (Matthew Leifheit, David Leifheit, and Karen Leifheit, | ) ) ) | Honorable Joseph P. Hettel |
| Defendants). | ) | Judge, Presiding |

JUSTICE HOLDRIDGE delivered the opinion of the court:

Allstate Insurance Company (Allstate) filed a declaratory action seeking a judgment declaring that the company was relieved from providing insurance coverage for Matthew Leifheit, David Leifheit, and Karen Leifheit (the Leifheits) in a lawsuit filed against them by Carol Greer and Michael Mielczarek (the decedent's parents). Allstate later filed a motion for summary judgment, which was granted. The decedent's parents filed the instant appeal from the order granting summary judgment. We affirm.

BACKGROUND

On March 2, 2007, Allstate filed its declaratory action seeking a judgment declaring that its insurance policy, issued to David and Karen Leifheit, did not afford coverage for the Leifheits in La Salle County case No. 06--L--200, Greer v. Leifheit (the lawsuit). Allstate alleged that it: was not obligated to provide a defense for the Leifheits in the lawsuit; was not obligated to pay any judgment entered in the lawsuit; was relieved of any obligation for defense costs incurred by the Leifheits in the lawsuit; owed no obligation, contractual or otherwise, to the Leifheits in the lawsuit; was not obligated to pay any award for punitive damages in the lawsuit; and was not obligated to pay any award for the plaintiffs' attorney fees in the lawsuit. Allstate also alleged that its policy did not provide underlying medical coverage for injuries sustained as a result of the incident giving rise to the lawsuit.

The policy was a homeowner's policy affording certain coverage to David and Karen Leifheit. The decedent's parents filed the lawsuit seeking to recover damages from the Leifheits for a motor vehicle accident in which the decedent was killed. The Leifheits were allegedly liable for his death. Allstate's policy excluded coverage for injuries or damages resulting from an act or omission that was intended or expected to cause bodily injury or property damage. The policy also excluded coverage for bodily injury or property damage resulting from a criminal act or omission, regardless of whether the insured was charged with, or convicted of, a crime.

In reference to these exclusions, Allstate cited the complaint filed by the decedent's parents in the lawsuit. The complaint, as amended, alleged that the Leifheits (all over 18 years of age) negligently and willfully supplied alcoholic beverages to the decedent (17 years of age) causing him to become intoxicated and impaired. The complaint further alleged that the decedent's

2

intoxication and impairment caused him to die while driving a motor vehicle. Consequently, the decedent's parents demanded judgment in an amount exceeding $50,000, court costs, costs of suit including reasonable expenses for expert testimony, attorney fees, and punitive damages. On information and belief, Allstate represented to the court that Matthew Leifheit had been found guilty of a misdemeanor for willfully supplying alcohol to a minor.

On July 9, 2007, Allstate filed a motion for summary judgment. At the hearing on the motion, Allstate argued that (1) the statute creating liability in the lawsuit required a criminal act, (2) the insurance policy excluded coverage for conduct constituting a criminal act, and (3) the exclusion applied regardless of whether the insured was ever charged or convicted for the criminal act. The decedent's parents argued that denying coverage based on a violation of the statute would be tantamount to providing a right (the right to sue under the statute) without a remedy. They also argued that Allstate could have specifically excluded the statute and conduct in question but instead maintained a general criminal-act restriction in its policy. Under these circumstances, they averred, the exclusion might also apply in the case of a simple traffic violation, or when a traffic violation causes the death of another.

After hearing the parties' arguments, the court granted Allstate's motion for summary judgment. The decedent's parents then filed the instant appeal.

DISCUSSION

Despite its drastic nature, summary judgment is an appropriate way to dispose of litigation when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. Crum & Forster Managers Corp. v. Resolution Trust Corp., 156 Ill. 2d 384 (1993). Our

3

primary function when construing an insurance policy is to ascertain and enforce the parties' intent as expressed in the written agreement. Crum & Forster, 156 Ill. 2d 384. When determining if an insurer has a duty to defend, we must compare the allegations of the underlying complaint to the coverage provisions of the insurance policy. Crum & Forster, 156 Ill. 2d 384; Northbrook Property & Casualty Co. v. Transportation Joint Agreement, 194 Ill. 2d 96 (2000). A duty to defend exists if the facts of the underlying complaint fall within, or potentially within, the policy's coverage provisions. Crum & Forster, 156 Ill. 2d 384. Our review of the trial court's summary judgment order is de novo. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90 (1992).

In the instant case, a comparison of the allegations in the underlying complaint to the provisions of the insurance policy shows that Allstate does not have a duty to defend. In the underlying complaint, the decedent's parents alleged that the Leifheits were liable for damages because they supplied alcoholic beverages to the decedent, causing him to become intoxicated and impaired, which caused him to die while driving a motor vehicle. These allegations describe criminal conduct. See 235 ILCS 5/6--16 (West 2006) (declaring that "[n]o person, after purchasing or otherwise obtaining alcoholic liquor, shall sell, give, or deliver such alcoholic liquor to another person under the age of 21 years"). By its plain language, the insurance policy excludes coverage for criminal acts. It reads: "We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. *** This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime." (Emphasis added.)

4

The decedent's parents argue that summary judgment was improper because "[t]here is *** no evidence in the record to indicate that Matthew Leifheit intended to harm Daniel Mielczarek [the decedent] when he provided Daniel Mielczarek with alcohol."  To support their argument that Allstate's policy exclusion does not apply absent such intent, the decedent's parents cite Lincoln Logan Mutual Insurance Co. v. Fornshell, 309 Ill. App. 3d 479, 483 (1999), which states: "The construction generally afforded to intentional act exclusions is to deny coverage where the insured has (1) intended to act *and* (2) specifically intended to harm a third party." Lincoln Logan is distinguishable, however, because it only involved construction of an intentional-act exclusion.  As discussed above, the instant policy contains a criminal-act exclusion under which coverage would be barred irrespective of its intentional-act exclusion.

The decedent's parents also argue that by enacting the Drug or Alcohol Impaired Minor Responsibility Act (740 ILCS 58/1 et seq. (West 2006)), the General Assembly established a public policy prohibiting exclusions like the one at issue.  However, they do not cite, and we have not found, any language in the Act that would prohibit such exclusions.  At most they can posit a possible reading of ambiguous statutory language.  But in the event of statutory ambiguity, we may examine legislative history (see People v. Hickman, 163 Ill. 2d 250 (1994)), and the legislative history of the Act contravenes the reading given by the decedent's parents.  See 93 Ill. Gen. Assem., Senate Proceedings, May 22, 2003, at 26 (statements of Senator Cullerton) (sponsor of the bill, explaining without opposition that insurance companies wanted time to "redo their policies" to "make sure that the homeowner's policy does not cover this Act"; also stating, "it's probably something which is not covered").

5

In regards to public policy, the case of <u>Bohner v. Ace American Insurance Co.</u>, 359 Ill. App. 3d 621 (2005), is also instructive. The insured in <u>Bohner</u> sued the insurance company arguing that a policy exclusion for damages arising out of criminal or illegal acts violated public policy. The trial court agreed and granted summary judgment finding that coverage existed. On appeal, however, the summary judgment order was reversed. Since the appellate court found the exclusion to be valid and enforceable, the court concluded that coverage did not exist (noting that the same result might not pertain under circumstances inapplicable to the instant case).

In sum, the underlying complaint filed by the decedent's parents alleges that the Leifheits engaged in conduct that is excluded from coverage under Allstate's policy. The exclusion was valid and enforceable. Accordingly, the trial court did not err in granting summary judgment for Allstate.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the La Salle County circuit court. Affirmed.

O'BRIEN, P. J., and McDADE, J., concur.