(No. 88900.—

# NORTHBROOK PROPERTY AND CASUALTY COMPANY, Appellant, v. TRANSPORTATION JOINT AGREEMENT *et al.*, Appellees.

*Opinion filed December 1, 2000.*

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, Fritz K. Huszagh and Christine L. Olson, of counsel), for appellant.

Wayne F. Plaza, Karen W. Howard and Nicole A. Roth, of Rooks, Pitts & Poust, of Chicago, for appellees Transportation Joint Agreement *et al.*

Steven H. Kuh, of Chicago (Russell N. Brown, of Lustig & Brown, LLP, of Buffalo, New York, of counsel), for appellee Westchester Fire Insurance Co.

JUSTICE HEIPLE delivered the opinion of the court:

In this action for declaratory judgment, plaintiff Northbrook Property and Casualty Company (Northbrook) appeals the appellate court's determination that Northbrook has a duty to defend the Transportation Joint Agreement of School Districts 47 and 155 (school districts) in numerous lawsuits arising from the collision of a train with a school bus. We reverse.

On October 25, 1995, a METRA train collided with a school bus operated jointly by the school districts. Several students were killed and many others were injured, resulting in numerous lawsuits against the school districts.

At the time of the accident, one of the insurance policies which the school districts had in force was a commercial general liability policy issued by Northbrook. That policy states:

"We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

The policy also states that the following losses are not covered:

> " 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated or rented or loaned to any insured. Use includes operation and 'loading or unloading.' \*\*\* 'Auto' means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment."

Northbrook filed this action in the circuit court of McHenry County seeking a declaration that it had no duty to defend the school districts against the students' lawsuits because the injuries arose out of the use or operation of a bus. The trial court granted summary judgment for Northbrook. The appellate court reversed, holding that the students' lawsuits against the school districts adequately alleged that the injuries could have arisen from causes other than use or operation of the bus, such as failure of the school districts to adequately plan and inspect bus routes and warn bus drivers of potential hazards. 309 Ill. App. 3d 261.

To determine an insurer's duty to defend its insured, a court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 73 (1991). An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage. *Wilkin*, 144 Ill. 2d at 73.

Here, the allegations of the underlying complaints utterly fail to state facts which either actually or potentially bring the cases within the policy's coverage. The policy excludes injuries arising from the school

districts' use or operation of a motor vehicle. Allegations that the school districts inadequately planned and inspected bus routes or failed to warn bus drivers of potential hazards along the routes are nothing more than rephrasings of the fact that the students' injuries arose from the school districts' use or operation of a motor vehicle. Contrary to the appellate court's holding, the students' complaints failed to allege that the injuries arose from events "wholly independent of any negligent operation of the bus." 309 Ill. App. 3d at 266. Northbrook therefore has no duty to defend the school districts in the underlying lawsuits.

The appellate court judgment is reversed, and the circuit court judgment is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*