BOARD OF MANAGERS OF THE TOWNHOMES OF WOODLAND HILLS CONDOMINIUM ASSOCIATION, as Assignee of James Regas *et al.*, Plaintiff-Appellant, v. STATE FARM FIRE AND CASUALTY COMPANY *et al.*, Defendants-Appellees.

Second District    No. 2—01—0343

Opinion filed May 3, 2002.

Marshall N. Dickler and James A. Slowikowski, both of Dickler, Kahn, Slowikowski & Zavell, Ltd., of Arlington Heights, for appellant.

Michael C. Borders and Nicole A. Roth, both of Rooks, Pitts & Poust, of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, board of managers of the Townhomes of Woodland Hills Condominium Association (Association), appeals the trial court's granting of the motion for judgment on the pleadings made by defendants, State Farm Fire & Casualty Company and State Farm Insurance Companies (collectively, State Farm), in this insurance coverage case. We affirm.

Plaintiff is a condominium association created by a condominium declaration recorded with the recorder of deeds of Lake County on October 30, 1985. James and Georgia Regas (the Regases) owned and developed plaintiff's condominiums and served as the Association's directors and officers. The declaration names Woodland Hills Development Company as the developer. Georgia Regas and Gus Leakakos were the directors of the development company. A trust held title to the parcel of land to be developed and all condominium units until the units were sold. James Regas was the beneficiary of the trust prior to January 1982 and was replaced as beneficiary by Georgia Regas in January 1982.

In 1995, the Association filed a complaint against, *inter alia*, James and Georgia Regas, in Lake County. The third amended complaint against the Regases sought damages in excess of $1 million against the Regases in their capacities as developers and owners of the condo-

minium buildings and as directors of the condominium association. The complaint alleged that the Regases were liable for, *inter alia,* faulty construction, the failure to collect assessments and pay the assessments and reserves, the failure to properly act as directors of the Association, and fraud.

Prior to May 16, 1995, State Farm issued the Regases a homeowners insurance policy and a personal liability umbrella policy (collectively, the policies). These policies were in effect at the time the Association filed its complaint against the Regases and at the time the acts alleged in the Association's complaint occurred. The Regases, thus, tendered the Association's suit to State Farm for defense and indemnification under the policies. Initially, State Farm informed the Regases that it would pay the attorney fees and costs of defending the Regases, pursuant to a reservation of rights. However, on or about May 29, 1996, State Farm informed the Regases that it denied coverage. Yet, State Farm did not file suit seeking a declaratory judgment that it had no duty to defend the Regases.

In 1998, the Regases and the Association agreed to settle their suit for $3,850,000. Pursuant to the settlement agreement, the Regases paid the Association $65,000 and assigned to the Association any and all claims the Regases had against State Farm for its wrongful failure to defend the Regases. The Lake County circuit court approved the settlement and entered a good-faith finding.

In May 2000, the Association brought this instant action against State Farm, asserting, as assignee, that State Farm breached its duty to defend the Regases and was liable for damages as set forth in the settlement agreement between the Association and the Regases. In January 2001, State Farm filed a motion for judgment on the pleadings, asserting that the policies provided no coverage to the Regases and State Farm had no duty to the Regases in the underlying action. On March 2, 2001, the trial court granted State Farm's motion. The Association filed this timely appeal.

The Association argues that the trial court erred by holding that State Farm had no duty to defend and that there was no coverage under the policies.

■ Judgment on the pleadings is proper only if the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Jones v. Chicago HMO Ltd. of Illinois,* 191 Ill. 2d 278, 291 (2000). In ruling on a motion for judgment on the pleadings, only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record may be considered. All well-pleaded facts and all reasonable inferences from those facts are taken as true. Our review is *de novo. Jones,* 191 Ill. 2d at 291.

■ In Illinois, an insurer has a duty to defend if the allegations in the underlying complaint fall within or potentially fall within the coverage of the policy. *Guillen v. Potomac Insurance Co. of Illinois*, 323 Ill. App. 3d 121, 127 (2001), *appeal allowed*, 196 Ill. 2d 541 (2001).

■ When interpreting the language contained in an insurance policy, we must give words their plain and ordinary meaning and construe the policy as a whole. *Butera v. Attorneys' Title Guaranty Fund, Inc.*, 321 Ill. App. 3d 601, 605 (2001). Generally, we interpret insurance policies liberally in favor of coverage. See *United States Fire Insurance Co. v. Hartford Insurance Co.*, 312 Ill. App. 3d 153, 156 (2000). However, we will not adopt an interpretation that is strained, forced, unnatural, or unreasonable or one that leads to an absurd result. *United States Fire Insurance Co.*, 312 Ill. App. 3d at 156. In this case, the State Farm homeowner's policy provides, *inter alia*, liability coverage for property damage and bodily injury caused by an occurrence. However, the policy expressly excludes liability coverage for "bodily injury or property damage arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured." The State Farm umbrella policy provides coverage for a "loss" but expressly excludes liability coverage for "any loss caused by your business operations or arising out of business property." Both policies define business as "trade, profession or occupation."

In this case, it is undisputed that the Regases' only connection to the Association property stemmed from their business interests in the property. We acknowledge that the underlying complaint alleged liability based on the Regases' different roles in the property's management and ownership. For example, the underlying complaint alleged Georgia Regas was liable based on her status as a director of the Association. While a director does not have to be an owner also, in this case the Association does not allege Georgia would have been a director but for her business interest in the property.

■ An insurer may justifiably refuse to defend an action against its insured if it is clear from the face of the underlying complaint that the allegations fail to state facts that bring the case within, or potentially within, the policy's coverage. *Northbrook Property & Casualty Co. v. Transportation Joint Agreement*, 194 Ill. 2d 96, 98 (2000).

■ Here, the allegations of the underlying complaint utterly fail to state facts that either actually or potentially bring the case within the policies' coverage. The policies exclude injuries arising from business pursuits, business property, and business operations. Allegations that the Regases are liable because they were directors or managers are nothing more than rephrasings of the fact that the alleged damages

arose from the Regases' status as owners and developers. Contrary to the Association's contention, its complaint failed to allege sufficiently that the damages arose from events "wholly independent" of the business interest in the property. See *Northbrook Property & Casualty Co.*, 194 Ill. 2d at 99. The Association argues that at trial the Regases possibly could be found to be directors for purposes other than business. This bit of speculation is not enough to create a genuine issue of material fact. Further, the fact that the Regases were not compensated for their status as directors does not establish or even raise an issue of fact regarding the Regases' connection to the property. Therefore, there was no coverage under the policies, and State Farm had no duty to defend the Regases in the underlying suit.

■ Next, the Association argues that State Farm is estopped from asserting policy defenses and exclusions to coverage because State Farm failed to provide a defense pursuant to a reservation of rights or file a declaratory judgment action.

The Association correctly points out that, when an insurer takes the position that it owes no duty to defend, it must either (1) defend the suit under a reservation of rights; or (2) seek a declaratory judgment that there is no coverage. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 150 (1999). If the insurer fails to defend or seek a declaratory judgment, the insurer may be estopped from raising policy defenses. *Ehlco*, 186 Ill. 2d at 150-51. However, estoppel will apply only if the insurer is later found to have wrongfully denied coverage under the policy. *Ehlco*, 186 Ill. 2d at 150-51. It is clear from the face of the underlying complaint that its allegations fail to state facts bringing the case within or potentially within coverage of State Farm's policies. Therefore, State Farm did not breach its duty to defend. Thus, estoppel does not apply here. See *Ehlco*, 186 Ill. 2d at 151; *Kim v. State Farm Fire & Casualty Co.*, 312 Ill. App. 3d 770, 778 (2000).

■ Finally, the cases cited by the Association, *Ehlco Liquidating Trust*, 186 Ill. 2d 127, and *Clemmons v. Travelers Insurance Co.*, 88 Ill. 2d 469 (1981), are distinguishable from the case at bar. In the cases cited by the Association, the courts held that the duty to defend was triggered because the facts in the underlying complaints potentially brought the suit within coverage of the insurers' policies. Here, the facts in the underlying complaint do not bring the case potentially within coverage of State Farm's policies. Therefore, these cases are not controlling here.

The Association also contends that State Farm had a duty to defend based on the following exception to the business activity exclusion contained in the umbrella policy:

"We will not provide insurance:

\* \* \*

8. for any loss caused by your act or omission as a member of a corporation's board of directors. This exclusion does not apply if the corporation:

a. was formed as a not-for-profit corporation; *and*

b. does not involve your business." (Emphasis added.)

Contrary to the Association's contention, this provision does not aid its cause. The exception to the exclusion applies only to not-for-profit corporations that do not involve the insured's business. Although the Association was formed as a not-for-profit corporation, it did involve the Regases' business. Therefore, this argument fails.

The Association also argues that the trial court erred by finding that there was no coverage under either policy because the underlying complaint sought recovery for intentional rather than accidental events and sought recovery for the loss of profit and not property damage. Because we have already determined that the trial court properly found that State Farm had no duty to defendant based on the business activity exclusions, we need not address these issues.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and BYRNE, JJ., concur.