No.  3--04--0431

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

_________________________________________________________________

STANDARD MUTUAL INSURANCE COMPANY,

Plaintiff-Appellee,

v.

PATRICK F. MUDRON and BROWN & BROWN, INC.,

Defendants-Appellants. 

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 12th Judicial Circuit

Will County, Illinois

No.  03--MR--733

Honorable

Herman S. Haase,

Judge, Presiding.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

Plaintiff Standard Mutual Insurance Company filed a complaint for declaratory judgment seeking a determination that it had no duty to defend defendant Patrick Mudron.  Mudron had been sued by defendant Brown & Brown, Inc. ("Brown") for breach of an employment agreement.  Mudron was insured by plaintiff under a homeowner's liability policy and a personal umbrella liability policy.  The trial court ruled that plaintiff had no duty to defend Mudron and granted plaintiff's motion for judgment on the pleadings.  Mudron now appeals, and we affirm.

Overview

Defendant Mudron worked as an insurance broker for Brown  until April of 2003.  In August of 2003, Brown filed a complaint for damages and injunctive relief against Mudron, another former Brown employee named Diane Gunderson, and Cornolo & Thompson, Ltd. ("Cornolo"), an insurance agency.  Brown alleged that after Mudron was fired, he convinced Gunderson to leave Brown and begin working with him and/or Cornolo.  Mudron and Gunderson then solicited former Brown clients and steered them to Cornolo, in violation of the servicing and solicitation restrictions contained in their employment agreements.  Brown also asserted that Mudron and Gunderson had taken Brown's customer lists and other information and records.  Count I of Brown's complaint sought injunctive relief, count II alleged breach of contract and count III claimed that the defendants had willfully misappropriated Brown's trade secrets in violation of the Illinois Trade Secrets Act (Trade Secrets Act) (765 ILCS 1065/1 
et
 
seq
. (West 2002)).
(footnote: 1)
 At the time Brown filed its complaint, Mudron was the named insured on a homeowner's insurance policy and a personal umbrella liability policy issued by plaintiff.  Pursuant to the terms of the policies, Mudron tendered his defense of the Brown lawsuit to plaintiff, which plaintiff refused to accept.  On October 22, 2003, plaintiff filed a declaratory judgment action against Mudron and Brown seeking a determination that it had no duty to defend Mudron.  The trial court subsequently granted plaintiff's motion for judgment on the pleadings.

Analysis

Judgment on the pleadings is only proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Only facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions of record may be considered; all well pleaded facts and the reasonable inferences from those facts are taken as true.  
M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center
, 198 Ill. 2d 249, 764 N.E.2d 1 (2001).  A trial court's ruling granting judgment on the pleadings is reviewed 
de
 
novo
.  
M.A.K.
, 198 Ill. 2d 249, 764 N.E.2d 1.

In determining whether an insurer is obligated to defend its insured, a court examines the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy.  If the facts as alleged fall within, or potentially within, the language of the policy, the duty to defend arises.  
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 687 N.E.2d 72 (1997); 
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992).  An insurer's duty to defend is much broader than its duty to indemnify, and the allegations in the underlying complaint must be liberally construed in favor of the insured.  
Outboard Marine
, 154 Ill. 2d 90, 607 N.E.2d 1204.  In addition, provisions which limit or exclude coverage are to be interpreted liberally in favor of the insured and against the insurer.  
American States
, 177 Ill. 2d 473, 687 N.E.2d 72.  However, where an exclusion is clear and unambiguous, it must be applied as written.  See 
Pekin Insurance Co. v. Willett
, 301 Ill. App. 3d 1034, 704 N.E.2d 923 (1998).  A court's primary objective is to ascertain and give effect to the intentions of the parties, construing the policy as a whole and taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract.  See 
American States
, 177 Ill. 2d 473, 687 N.E.2d 72.  The construction of an insurance policy is a question of law subject to 
de
 
novo
 review.  
American States
, 177 Ill. 2d 473. 687 N.E.2d 72; see 
Outboard Marine
, 154 Ill. 2d 90, 607 N.E.2d 1204.

Pursuant to the personal umbrella liability policy,
(footnote: 2) plaintiff promised to pay any "damages" incurred by the insured, subject to the exclusions and liability limits of the policy.  Damages are defined in the policy as sums the insured must pay "because of personal injury or property damage *** caused by an occurrence."  Plaintiff initially argues that Brown's complaint alleging breach of an employment contract is not an "occurrence," which is defined under the policy as an "accident, happening or event that results in personal injury or property damage not intended from the standpoint of the insured."  Plaintiff also contends that the Brown complaint does not allege any property damage or personal injury, but asserts only economic losses, which are not covered under the policy.  See 
Traveler's Insurance Co. v. Eljer Manufacturing, Inc.
, 197 Ill. 2d 278, 757 N.E.2d 481 (2001) ("property damage," defined as physical injury to tangible property, did not include intangible damages such as economic loss).

Mudron asserts that plaintiff has waived these issues by failing to raise them in the pleadings or argue them at the trial court.  A review of the record confirms that plaintiff pleaded and argued the lack of occurrence and property damage issues with respect to the homeowner's policy, but it did not plead those issues in regard to the umbrella policy.  Generally, questions not raised in the trial court cannot be argued for the first time on appeal.  
Parks v. Kownacki
, 193 Ill. 2d 164, 737 N.E.2d 287 (2000).  However, the waiver rule is a limitation on the parties, not on the court; we may consider an issue not raised in the trial court where necessary for a just result and for the maintenance of a sound and uniform body of precedent.  See 
Golden Rule Insurance Co. v. Schwartz
, 203 Ill. 2d 456, 786 N.E.2d 1010 (2003); see also 
Unzicker v. Kraft Food Ingredients Corp.
, 203 Ill. 2d 64, 783 N.E.2d 1024 (2002).  Nevertheless, we need not consider the issue of waiver in this case, because we find that the trial court properly granted plaintiff's motion for judgment on the pleadings on the basis of the "business pursuits" exclusion contained in the umbrella policy.

The insurance policy excludes coverage for, among other things, the "business pursuits of an insured."  "Business" is defined under the policy as "employment, trade, profession or occupation."  When this exclusion is considered in the context of the allegations of the Brown complaint, it is clear that the Brown lawsuit is predicated entirely on Mudron's business pursuits.  Count I seeks injunctive relief based on the claim that Mudron and Gunderson "are blatantly and actively breaching [their] contractual obligations by soliciting and serving" Brown's clients.  Count II alleges a cause of action for breach of contract, 
i.e.
, failure to abide by the terms of the employment agreement.  Count III asserts that the defendants violated the Trade Secrets Act (765 ILCS 1065/1 
et
 
seq
. (West 2002)).  Establishing a violation of the Trade Secrets Act requires a plaintiff to prove that the information at issue was: (1) a trade secret; (2) misappropriated; and (3) 
used in the defendant's business
.  (Emphasis added.)  See 
AutoMed Technologies, Inc. v. Eller
, 160 F. Supp. 2d 915 (N.D. Ill. 2001); 
Southwest Whey, Inc. v. Nutrition 101, Inc.
, 117 F. Supp. 2d 770 (C.D. Ill. 2000).

Thus each count of Brown's complaint seeks relief from, or damages for, Mudron's alleged violation of the terms of his employment agreement with Brown.  In 
Board of Managers of Townhomes of Woodland Hills Condominium Ass'n v. State Farm Fire and Casualty Co.
, 329 Ill. App. 3d 531, 768 N.E.2d 874 (2002), the plaintiff condominium association sued James and Georgia Regas in their capacities as developers and owners of the condominium buildings and as directors of the condominium association.  The complaint alleged faulty construction, failure to collect and pay assessments, failure to properly act as directors, and fraud.  The Regases tendered defense of the suit to State Farm under their homeowner's and personal liability umbrella policies.  State Farm denied coverage, the Regases settled and the plaintiff sued State Farm for wrongful failure to defend the Regases under an assignment of claim.  In affirming the trial court's ruling in favor of State Farm, the court stated:

"Here, the allegations of the underlying complaint utterly fail to state facts that either actually or potentially bring the case within the policies' coverage.  The policies exclude injuries arising from business pursuits, business property, and business operations.  Allegations that the Regases are liable because they were directors or managers are nothing more than rephrasings of the fact that the alleged damages arose from the Regases' status as owners and developers.  Contrary to the Association's contention, its complaint failed to allege sufficiently that the damages arose from events 'wholly independent' of the business interest in the property."  
Board of Managers
, 329 Ill. App. 3d at 534-35, 768 N.E.2d at 877-78.

Similarly in this case, each count of the Brown complaint arises from Mudron's employment relationship with Brown.  Nothing in the complaint alleges damages or seeks relief from events independent of the employment agreement.

Mudron contends that the business pursuits exclusion does not apply because a business pursuit has been defined as a "continuous or regular activity, done for the purpose of returning a profit."  
Badger Mutual Insurance Co. v. Ostry
, 264 Ill. App. 3d 303, 308, 636 N.E.2d 956, 959 (1994); see also 
State Farm Fire & Casualty Co. v. Moore
, 103 Ill. App. 3d 250, 430 N.E.2d 641 (1981).  Mudron argues that the Brown complaint does not allege that he has been paid a fee or received any compensation whatsoever in connection with his alleged activities.  Of course, the Brown complaint 
does
 allege that Mudron received compensation pursuant to the employment agreement.  That agreement is the legal foundation upon which each count of the Brown complaint is based.  That agreement is also clearly a business pursuit and damages arising from it are excluded from coverage under the umbrella policy.  Accordingly, the trial court properly granted plaintiff's motion for judgment on the pleadings.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

HOLDRIDGE and MCDADE, JJ., concurring.

FOOTNOTES
1:
Count IV of Brown's complaint is directed solely against Cornolo and is therefore not relevant to this appeal.

2:
As Mudron does not contend that plaintiff has a duty to defend under the terms of the homeowner's policy, we will not address it.