# Illinois Official Reports

## Appellate Court

---

### *Founders Insurance Co. v. Sheikh*, 2017 IL App (1st) 170176

---

| | |
|---|---|
| Appellate Court Caption | FOUNDERS INSURANCE COMPANY, Plaintiff-Appellee, v. MAQBOOL SHEIKH, Individually and as Father and Next Friend of SANAN M. SHEIKH, and JASMIN KOPIC, Defendants (Jasmin Kopic, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-17-0176 |
| Filed | September 25, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-05331; the Hon. Kathleen Pantle, Judge, presiding. |
| Judgment | Reversed and remanded for further proceedings. |
| Counsel on Appeal | Robert A. Langendorf, P.C., of Chicago (Robert A. Langendorf and Lisa J. Vedral, of counsel), for appellant.<br><br>Law Office of Shari Shelmadine, of Chicago (Shari Shelmadine, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justices Simon and Mikva concurred in the judgment and opinion. |

¶ 1 Defendant, Jasmin Kopic, appeals the order of the circuit court granting summary judgment in favor of plaintiff, Founders Insurance Company (Founders), on plaintiff's complaint for declaratory judgment. On appeal, Kopic contends that the court erred in granting summary judgment because a question of fact exists as to whether the driver of the car, Sanan M. Sheikh, had a reasonable belief that he was entitled to use the car at the time of the accident. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                    JURISDICTION

¶ 3 The trial court entered its order granting summary judgment on October 5, 2016. Kopic filed a motion to reconsider which the trial court denied on December 19, 2016. Kopic filed a notice of appeal on January 18, 2017. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. May 30, 2008), governing appeals from final judgments entered below.

¶ 4                                    BACKGROUND

¶ 5 The underlying claim arose from an accident involving Sanan in which Kopic alleged she suffered injuries. On May 16, 2013, Sanan was 15 years old and possessed a valid Illinois driver's permit. That morning, Sanan's father, Maqbool Sheikh, asked Sanan to move the family's 1999 Toyota Sienna van to another parking space on the street. In his deposition, Sanan stated that his father wanted to observe Sanan parallel parking the van. While Sanan was parking the van, his father observed from across the street. After Sanan parked the van, Maqbool was going to take Sanan and his brother to religious school. As Sanan maneuvered the van between parked cars, he accidentally pushed on the gas pedal instead of the brake and hit the car in front of him. Kopic, who was standing in front of the car Sanan hit, stated that the impact caused the car to move forward pinning Kopic between cars.

¶ 6 Sanan stated that he had practiced parallel parking "a few times" before with his driving instructor and "would park on a regular basis every time [he] went out driving with [his] mom or [his] dad." Sanan believed he could park the van with his permit as long as his father was supervising. Sanan eventually obtained his license when he turned 16 years old.

¶ 7 In his deposition, Maqbool stated that on the morning of May 16, 2013, he was going to take Sanan and his brother to religious school. Before taking them to school, Maqbool asked Sanan to move the van to a parking spot on the street so he could observe his ability to park. Maqbool was across the street as he observed Sanan parking the van. He did not see Sanan doing anything incorrectly, but if he did, Maqbool was within hearing distance and could give Sanan verbal directions. Maqbool stated that he realized Sanan had "touched" the car in front, and he heard Kopic "yelling" and lying on the grass next to the sidewalk. Maqbool did not understand why Kopic was yelling because he was observing at the time, and he did not see damage to his car or to the car that Sanan hit. Maqbool believed that Sanan could park the van with a permit as long as he was observing and supervising Sanan.

¶ 8 Kopic filed a claim for personal injuries against Maqbool and Sanan. The van was insured under a policy issued by Founders. Founders filed a complaint for declaratory judgment, arguing it had no duty to defend or indemnify the Sheikhs because its policy excludes coverage

for "bodily injury or property damage arising out of the use by a person of a vehicle without a reasonable belief that the person is entitled to do so." Under the Illinois Driver Licensing Law (Licensing Law) (625 ILCS 5/6-107.1(a)(1) (West 2016)), a driver's permit:

> "shall be restricted *** to the operation of a motor vehicle by the minor only when under direct supervision of the adult instructor of a driver education program during enrollment in the program or when practicing under direct supervision of a parent *** or a person in loco parentis who is 21 years of age or more, has a license classification to operate such vehicle and at least one year of driving experience, and who is occupying a seat beside the driver."

Founders argued that at the time of the accident, Sanan was driving without a licensed adult in the seat next to him contrary to Illinois law. Therefore, "Sanan lacked the requisite 'reasonable belief' that he was entitled to drive or operate the Sheikh vehicle on May 16, 2013."

¶ 9 Founders filed a motion for summary judgment, and the trial court granted the motion. Relying on the supreme court case of *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424 (2010), the court found that, as a matter of law, Sanan could not have a reasonable belief that he was entitled to operate the van because Maqbool was not seated next to him as required by statute. As a result, Founders had no duty to defend or indemnify the Sheikhs in Kopic's underlying suit. Kopic filed a motion to reconsider, which the trial court denied. This appeal follows.

¶ 10                                    ANALYSIS

¶ 11 Summary judgment is proper where the pleadings, depositions, affidavits, and admissions on file, viewed in the light most favorable to the nonmoving party, show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *American Economy Insurance Co. v. DePaul University*, 383 Ill. App. 3d 172, 177 (2008). We review the trial court's grant of summary judgment *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 12 An insurer's duty to defend is broader than its duty to indemnify. *International Minerals & Chemical Corp. v. Liberty Mutual Insurance Co.*, 168 Ill. App. 3d 361, 366 (1988). "An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Northbrook Property & Casualty Co. v. Transportation Joint Agreement*, 194 Ill. 2d 96, 98 (2000). An exclusions clause denying coverage will be applied only if its applicability is clear and free from doubt. *International Minerals*, 168 Ill. App. 3d at 367. Courts construe insurance policies liberally in favor of coverage, and if an ambiguity exists, "it will be resolved in favor of the insured and against the insurer." *United Services Automobile Ass'n v. Dare*, 357 Ill. App. 3d 955, 963 (2005).

¶ 13 Founders argued, and the trial court agreed, that as a matter of law Founders had no duty to defend or indemnify the Sheikhs because Sanan could not have reasonably believed he was entitled to use the van. Founders cited *Munoz* as support. In *Munoz*, our supreme court considered the consolidated appeals of six cases where, in each of the underlying cases, the driver did not have a valid license. *Munoz*, 237 Ill. 2d at 427. Five of the cases involved a Founders insurance policy containing the same exclusionary provision at issue here. The question before the court was "whether the coverage exclusion unambiguously applies to drivers without a valid license." *Id.* at 432.

¶ 14    In making its determination, the court used the standard of what the "average, ordinary, normal, reasonable person for whom these policies were written" would believe. (Internal quotation marks omitted.) *Id.* at 437. It found that under Illinois law "[w]ith limited exceptions not relevant here, no person shall drive a motor vehicle in this state unless such person has a 'valid license.' " *Id.* It concluded that "without a valid license, a person cannot have a reasonable belief that he or she is entitled to drive in this state. Without a valid license, a person has not been given the 'right' to drive; has not been 'qualified' to drive; has not been 'furnished with proper grounds' for doing so." *Id.* at 438. Therefore, "each of the six drivers at issue here, who either never obtained a license or whose license was suspended, could not, as a matter of law, have a reasonable belief that he was entitled to drive simply because he owned the car or was given the keys." *Id.*

¶ 15    Like the drivers in *Munoz*, Sanan, did not have a valid license on May 16, 2013, when he attempted to park the van. However, this case differs from *Munoz* in that Sanan did have a valid permit to drive and no one disputes this fact. This permit provided Sanan with "proper grounds" for operating a motor vehicle in Illinois. See 625 ILCS 5/6-107.1(a)(1) (West 2016). Founders points out, however, that section 6-107.1 of the Licensing Law allows permit holders to drive only with certain restrictions, including that a licensed adult, 21 years of age or older, "occup[y] a seat beside the driver." *Id.* Since no one was seated next to Sanan while he was parking the van, Sanan operated the vehicle in violation of the statute. Therefore, Founders argues, Sanan was in the same position as the drivers in *Munoz*, and this court should find as a matter of law that Sanan could not have had a reasonable belief he was entitled to drive the van.

¶ 16    We disagree with Founders' broad interpretation of *Munoz*. Our supreme court explicitly stated that the issue before it was narrow and preferred not to "speculate as to the myriad of other factual scenarios to which the exclusion might apply." *Munoz*, 237 Ill. 2d at 440. Furthermore, the court recognized that "limited exceptions" exist where a person may drive in Illinois without a valid license, but those exceptions were "not relevant" in *Munoz*. *Id.* at 437. The court found only that, as a matter of law, a person without a valid driver's license could not have a reasonable belief he or she is entitled to drive because there was no "proper grounds" or "right" to drive granted by the State of Illinois. *Id.* at 438. We find that the narrow holding in *Munoz* does not apply here, where Sanan had a valid permit to drive.

¶ 17    The question remains whether Sanan had a reasonable belief he was entitled to drive the van, and whether summary judgment was proper. The interpretation of an insurance policy is governed by the same rules applicable to contract interpretation. *Nicor, Inc. v. Associated Electric & Gas Insurance Services Ltd.*, 223 Ill. 2d 407, 416 (2006). A court's primary function is to ascertain and give effect to the parties' intent as expressed by the language of the policy. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). An unambiguous provision will be applied as written, unless it violates public policy. *Id.* A provision is ambiguous, however, if it is susceptible to more than one reasonable interpretation. *Id.*

¶ 18    Founders' policy excludes coverage for "bodily injury or property damage arising out of the use by a person of a vehicle without a reasonable belief that the person is entitled to do so." Founders contends that Sanan could not have had a reasonable belief because he was driving the van without a licensed adult seated next to him. Founders' policy, however, does not define "reasonable belief," and Founders has not cited cases finding that the mere fact Sanan was parking the van in violation of the Licensing Law makes this exclusionary clause applicable to

him. Although a factfinder may determine that Sanan did not have a reasonable belief as required by the policy, this conclusion is not clear or free from doubt.

¶ 19 The purpose of a permit is to allow a qualified person to practice driving "under direct supervision of a parent" or other adult prior to obtaining a license. 625 ILCS 5/6-107.1(a)(1) (West 2016). Both Sanan and his father, Maqbool, stated in their depositions that Sanan parked the van so Maqbool could observe his ability to parallel park. Maqbool provided direct supervision at all times. Although he was not in the car with Sanan, Maqbool watched him as he parked and could give verbal direction to Sanan if necessary. Both Sanan and Maqbool believed Sanan was properly using his permit to practice parallel parking because Maqbool was directly supervising him. The standard, as articulated by our supreme court in *Munoz*, is what the "average, ordinary, normal, reasonable person for whom these policies were written" would believe. (Internal quotation marks omitted.) *Munoz*, 237 Ill. 2d at 437. A factfinder could determine that Sanan, a valid permit-holder, reasonably believed he was allowed to practice parallel parking while his father supervised him from outside the vehicle.

¶ 20 We find that under the facts of this case, viewed in the light most favorable to the nonmoving party, the term "reasonable belief" is ambiguous. Therefore, the construction of that term in the policy is a question of fact. *Dash Messenger Service, Inc. v. Hartford Insurance Co. of Illinois*, 221 Ill. App. 3d 1007, 1010 (1991) (when a policy is ambiguous, the interpretation of its terms becomes a question of fact). Since a genuine issue of material fact exists, summary judgment is not appropriate here. Therefore, we reverse the trial court's judgment and remand for further proceedings.

¶ 21 Reversed and remanded for further proceedings.